Please step forward, introduce yourselves and about how much time as you can see, we are not going to keep you to whatever you say. Good afternoon, Your Honor. My name is Robert Dysinger. I am here on behalf of the plaintiff Deutsche Bank National Trust Company. We'll take approximately 15 minutes and we'll reserve some. Approximately 15 minutes, I think we've briefed it well. I prefer to be brief myself. Whatever happens, we'll release it. So if I get 15 or 10 minutes and five or... Whatever you want. As you see, we don't want to cut anybody off unless you start repeating their going wandering and tangents that we don't need to listen to. Please have a seat. You remember to keep your voice up. Good afternoon to the court. My name is... May it please the court. My name is Rod Rogenevich. I represent Chai and Jintana Roonseang. I've represented them in both the initial foreclosure in 2010 and this refiled foreclosure, this 2012 foreclosure. The question at bar, I think, is one of first impression. Namely, does the contractual presumption of receipt for first-class mail, which is in this mortgage, does that extend to certified mail? And the bigger question here is, did the plaintiff comply with the notice provisions, which are found in paragraph 22 of the mortgage, and the mailing provisions, which is found in paragraph 15 of the mortgage? Paragraph 15 of the mortgage is basically what this is all about here. It states, any notice to the borrower or lender in connection with the security instrument shall be deemed to have been given to the borrower when mailed by first-class mail or when actually delivered to borrower's notice address if sent by other means. Here, so what that's saying is that if the notice, the acceleration notice, the notice of default is sent by first-class mail, the plaintiff is entitled to a contractual presumption that the Roonseangs received this notice. If it's sent by other means, and that's kind of what's key here, other means, there is no contractual presumption. It's got to be actually delivered. The only evidence in the 2012 case, 2010 case, we're talking about the 2012 case, of any mailing of the notice is found in the affidavit of Amy McKernan. And what Ms. McKernan says in paragraph 7 of her affidavit, based on the business records associated with this loan, notice of default dated July 12, 2012, was sent by certified mail under the exclusive care and custody of the United States. Now, what do you have to say about the argument that certified is simply an enhancement of the first-class mail service? Well, as I point out in the brief, and I've said it, and this is why it is a case of first impression. Here it is. Our statutes distinguish first-class mail and certified mail. In fact, in the mortgage foreclosure law, 1503B, it's the notice of foreclosure provision, which talks about mailing a list pendens to a municipality. There, quote, in the same subsection, the same section, it talks about first-class mail and certified mail. It says, a copy of this notice of foreclosure should be sent, shall be sent by first-class mail to the municipality. A couple sentences down in the same paragraph, it says, if the foreclosure, quote, if the foreclosure action has been stayed by an order of the court, the plaintiff or the plaintiff's representative shall send the notice by certified mail, returned, receipt requested, or by private carrier that provides proof of delivery. I've cited the average case in my brief there. It talks about certified mail. It talks about why it's different. Mail is not just simply left at the door, at the residence, where it is assumed or presumed to be delivered or received. That's not the same with certified mail. If someone's not at home, if the authorized person is not at home, that mail is not left there. It's taken back. There's a notice of, there's a notice left. They could pick up the mail, and if no one picks it up, it's returned to the sender. Here, the affiant, Ms. McKernan, doesn't, she doesn't testify that it was mailed first-class mail. She could have. It could have. They never said that. I don't think that's an issue, whether they mailed it first-class. The question is whether what was mailed, it satisfies. If it had been mailed first, if there was evidence of the first-class mail, there's not even evidence of, she doesn't say that, but she says specifically certified mail. But there is no, with certified mail, as I point out the definition in the DMM, what does the post office call it? They call it the domestic mail manual. It defines certified mail, and they say, quote, certified mail service provides, and certified mail is not a class of mail. It is a service provided by the post office. The definition, certified mail service provides the sender with a mailing receipt and upon request electronic verification that an article was delivered. So you get two things. You purchase the certified mail service, you get a mailing. It's because of a couple of things. Sure. If something is sent by certified mail, I'm sorry, by regular first-class mail, it's simply delivered, and whether or not the person actually, they don't sign for it, whether or not they received it, or it's proof of delivery, you don't get any of that. Sure. So this clause, which is the lender's clause in their mortgage, seems to imply that if it's sent any other way besides certified mail, then you need to provide, I'm sorry, other than first-class mail, you need proof of delivery. Yeah. So therefore, there's some implication here, and it's just arguable. Sure. That certified mail is not first-class mail. You guys don't argue that a whole lot, but there seems to be some ambiguity here as to whether or not this applies to certified mail, which could be first-class mail because it's just a service provided by the post office. So I guess if there is ambiguity, then we've got to interpret this thing and it's probably going to be construed against the lender since it's their contract. Correct. Correct. You guys don't argue that. We don't, but I realize in preparing today, I did not focus on that. We're looking at a contract here. Yeah. We're looking at a contract here for consumption that is a firm contract that's paragraph 15 is in millions of mortgages around the country, and I don't know how it has not come to the courts here before, this issue about other means. What is other means here? So it's their mortgage, their contract, and they had the choice. They could have done it the easy way and just said, That's one of the costs that I have. But again, the question really is, is this ambiguous? Because I don't think we get to whom we construe it against. I mean, if it's not ambiguous, we've got to read the plain language and we've got to go with the plain language. That's what courts have been required to do throughout history. So, Justice Walker, as I was saying, I think that we have to look at this, you know, I cite the mailbox rule. This case is not about the mailbox rule. It is about the contractual, it's a contractual contest. It's the mortgage agreement here. And so we must look at the agreement, the mortgage in its entirety. All the provisions have to be read together, including Paragraph 15 and Paragraph 22. It's clear that the intent of Paragraphs 15 and 22 is that the mortgager is required, is to be given notice, provided notice, before the commencement of the foreclosure. So that's the plain intent of Paragraph 22. It's Acero, Bukowski, Credit Union 1, Colasco. So that's not in dispute right now. That is a contractual condition proceeding to foreclosure. So keeping that intent, the intent of this mortgage and these provisions in mind, those manner requirements in Paragraph 15, they're not merely formalities. I would argue that they are contractual conditions when viewed in the context here. They're not formalities. I said it, Corralo v. Irwin. When you've got a contract, there's no substantial performance. There's no strict performance here. It's their contract, as Your Honor, as stated right here. And so we should view this with that intent. The intent here is that the mortgager is supposed to receive service here. When viewed in that context, these additional restrictions by certified mail, which make delivery actually less likely, if you choose to do certified mail, you will know whether or not the party received it. And so if the intent is that they receive it and you know that they didn't receive it, I think that's how we have to read Paragraph 15 here. It's different. First-class mail is not the same as certified mail. There was an interesting sentence or something brought up in the plaintiff's response. They say, pursuant to the subject mortgage, this is a quote, the proper providing of notices is dictated by the moment and method of delivery, not receipt. And the Deutsche Bank has, quote, demonstrated affirmative proof that the acceleration notice was delivered in accordance with the mortgage. Moment and method of delivery, not receipt. Maybe that would apply to first-class mail, which I think if you're going to send it to first-class mail, that's all you have to do under that first part. But they didn't do that. They did certified mail, and certified mail does require, actually, I would argue that it is other means. As I said, certified mail, you could have first-class, you could have other mailings that go under certified mail. It's a service. It's in case law, in our statutes. Rule 105 talks about certified mail. Rule 284 of Small Claims Court, certified mail. The purpose of certified mail is to ensure delivery. And so that's why people use it. I said that the Jones-Flowers case, the U.S. Supreme Court, where the court says that the use of certified mail might make actual notice less likely in some cases. The letter cannot be left like regular mail to be examined at the end of the day, and it can only be retrieved from the post office at a specific time. There's no evidence of that. So I think it is different. Let me ask you a different issue. On the Rule 326 issue, this court gave you leave to file a record of appeal by October 19, 2018. And then after that, you filed for leave to do so in Stannard on November 26th. And on the basis of that, the plaintiff says, we should affirm, we should disaffirm the case and not go to the merits. What's your response? I mean, I know you have a response in your brief. I have a response, but I think that this court has jurisdiction to do so. It's not a question of jurisdiction. Let's say we agree. It's not a question of jurisdiction. We have jurisdiction. The question is, we have rules, and the Supreme Court has said we're supposed to enforce those rules. So we need to do so in a similar manner for all the parties that come before us. So how do we treat this rule? I cite the Knight case versus Plundon's case, and I cite O'Brien and Associates versus Drinkard. Well, those were cases where the record on appeal was filed 48 days, I think in one of those cases, 48 days later. And the party went and asked for leave to file. They didn't just file it without asking the court. And that's the important distinction here with the cases cited, these two cases, and I think the cases cited by Plainview is that the defendants actually went and asked for relief, which was given. And this Court has that discretion under 326. As I read it, I thought that they were making some kind of jurisdictional argument, or the Court had no authority to do what it did. It does. So basically your argument is it's a discretionary call by the Court. It's a discretionary call by the Court. And this affidavit, when the clerk switched over to the new system or whatever, there was an affidavit that was attached, and we asked for relief. So I think it's a discretionary call by the Court, and the Court exercised that discretion. And it always changes its mind, which is what I think the plaintiff is asking, but I think under the case law and the procedures followed by the defendants here, we complied with that rule, the procedures. Would you address the issue of the plaintiff raises saying that you did not adequately deny the condition preceding in your answer or in your affirmative defense that notice had been given? Sure. I was actually hoping somebody would ask that question. This is the Rule 133C question here. First of all, there was a general denial of the 1504 deemed and construed allegations. However, in the same answer filed by the defendants in their affirmative defenses, the defendants stated and alleged that they did not receive the acceleration notice, the default notice, pursuant to Rule 22 of the mortgage. So it was in the answer in affirmative defenses. It was somewhere in the pleadings. I cite the Ravkovitz. Ravkovitz being Ravkovitz where the Court said, well, Rule 133 doesn't say it has to be anywhere in particular in the answer. And it was in the affirmative defenses. And the plaintiff asked for leave after a year, it's in the record, to answer those affirmative defenses and to answer those allegations regarding Paragraph 22. So they answered it when the plaintiff filed the Motion for Summary Judgment. In their Motion for Summary Judgment, they attached the McKernan Affidavit and an Affidavit of Mailing, addressing, putting into issue that they mailed or purportedly mailed this by certified mail, which is why we're here today. Respectfully, I disagree. It's beyond the scope of this meeting here with the Mergic decision. There is a general denial of the deemed and construed allegations, and the plaintiff or the defendant prevailed. That was not an issue here. I think 133C should be strictly construed. It is permissive. It allows the plaintiff to plead that he has performed all the obligations of a contract. And it's to, so he doesn't listen. But it also, it also deals with answers. And it says answers should be specific. It says if the plaintiff chooses this way, to plead generally, and there's wording there. The rule is 133, in pleading the performance of a condition proceeding in the contract, it is sufficient to allege generally that the party performed all of the conditions on his part, if the allegation be denied. So let me go on. If the allegation be denied, what? Then the answer must be specific here. So that's an answer. Hold on, hold on. Don't get excited. Sure, sure. Okay, so he's saying your denial was not specific. You just denied it. He's saying, arguing, that you should have been more specific than simply denying. And I'm arguing. What do you say to that? I'm arguing for two things. We did deny it specifically. It's contained in our affirmative defenses. They answered those affirmative defenses and said we deny, we allege in our affirmative defenses that we did not receive these notices, the notices of default. So it was in the answer in affirmative defense. And I thought, I think Ravkind says it was in the affirmative defenses that's good enough to satisfy 133C. But I would respectfully, 1504, these deemed and construed allegations, they're very specific. 1504C9, which I think talks about notices, talks about notices of default or acceleration. All these notices have been sent. And then 1504C10 talks about, well, all the cure periods have passed. So those are very specific allegations, which I think are very different from what 133C is saying. There's other obligations a mortgagee must make, PMI, insurance, other obligations. So no where are those. Are you saying 133 does not apply in a mortgage foreclosure case? The only case out there is Wojcik says it does. And the site says that we must strictly follow. Okay. Let's assume that that's something that we agree with. Sure. You don't. We do. Your answer is, but I answered it specifically. I did not get the notice. The answer to my question is, could you have said anything more? No. That's it. Okay. I could not have said anything more. Have I gone over my 15 minutes? Yes. Okay. But if there's anything else, you would have. Maybe on my way back I'll come up with something. Thank you. Again, obviously we're not watching the clock. I don't anticipate taking a significant period of time. I'd be happy to answer any questions you have. What more could the defendants have said with respect to receiving notice than I didn't receive? What specific facts? And I can't conceive of anything more that they could say to prove the negative. There's a couple of different things they could have said. One, they could have said the actual facts that they're asserting now, which is that even if it was sent by certified mail, that's not compliant with the mortgage. They didn't plead that. That's not a scenario argument. Alternatively, they could have attested to a lot of knowledge of the allegation. Your argument was that the statute requires pleading specific facts. Right. When the negative is there that I did not get the notice that they were required to send, my question to you is how much more specific can one be? Well, as I stated, Justice, I believe they could have been more specific by saying they sent it in the wrong manner or they sent me a noncompliant notice, which is actually what happened in that Acetero case, which was cited by the parties. In that case, the issue wasn't that the notice was not sent. The issue was that the notice was noncompliant. And they could have pleaded that here. They could have said, well, they sent it in the wrong manner. Well, but at the point of the pleading, they didn't know what you did because they never received anything. As I understand the record, it wasn't until you filed your summary judgment motion with the affidavit advising the world that this is how we sent the notice, by regular mail or by certified mail. Right. So at the point of pleading, how could they? The code provides a remedy for that. And that is that you complete a want of knowledge to admit or deny the allegation in question at the time that the answer is filed. And then conduct discovery. They could have done that, but that's not what they did. What they did was just straight denial. And that's what the rule precludes. And assertive and affirmative defense. Well, the affirmative defense is, I think, a red herring because all the affirmative defense says is the same thing the denial says. And you answered that? Yes, we did. And you submitted evidence in support of your summary judgment motion. Yes, we did. With respect to proving that you sent notice. Well, we argued the alternative. We argued first that Rule 133 mandates that the court file in our favor. But in the alternative, we provided the affidavit to show the mailing, yes. Okay. Let's go to the question of first class versus other means. Sure, Judge. So if it's first class, there's a presumption that's received, right, that has to be rebutted by the recipient. Well, the issue. Is that true? Yes. Okay. But when it's done by other means, the agreement was that it has to show that it was actually delivered. Is that correct? All you have to show is it's actually delivered if it's by other means. The mortgage says you have to prove delivery if it's done by other means. That's what I just said. But our argument is that it wasn't sent by other means. I know your argument. I apologize. No, no. I know your argument. But my question is, it really takes away what Justice Pierce just said. What if the defendants never claimed the certified mailing? I mean, that is why, isn't it? Isn't that important? Isn't that the key question? We don't know if the defendants claimed the certified mailing unless there's some evidence of actual delivery. Well, we have a presumption on first class. And to me, that is the issue with regard to this question. Well, I disagree because the mortgage says what it says. And it says it has to be sent by first class mail. No, or? Or delivered by other means. Oh, so there is an or. And the other means says there's actual delivery. It has to be shown. So there's no evidence in the record that you sent anything by first class mail. That's not true, Judge. What? Because the parties agree, and the defendants' brief even states, that certified mail is first class mail with an additional service. That's what the State Department said. It's not defined under the trial code. But that goes to my question. Because there is no certified mail. If that was true, then we wouldn't even talk about certified mail. I mean, what you're doing is you're trying to eliminate the idea of certified mail as something different from first class mail. That's your argument. In all the cases in Illinois and across the country, there are lots of cases that both sides say showing that there's a difference between first class mail and certified mail. And if they're not different, then that sentence doesn't make any sense. And nor does a lot of other agreements that say the same thing. What I'm trying to say is that I think the logical term is converse. I could be mistaken. It's been a long time since I had philosophy. But sometimes certified mail is required. And if you send something by first class mail, when it's required to be done by certified mail, that's not compliant. If you send something by certified mail that's required to be sent by first class mail, you've complied. Because certified mail is a service on top of first class mail. Well, but that only deals with sending out the notice. Right. We're dealing here with not whether the notice was sent. It's whether proof of that mailing has been made. And the presumption is if it's first class, it's presumed to have been received by the defendant. If it's sent by regular mail, it's presumed received. If it's sent by any other means, you have to prove actual delivery. It seems to me that first class mail is an other means. And therefore, it was a question of proof. Did they actually receive it? You say they did because they got first class mail was sent. Right? Right. Okay. And they're saying they didn't receive it. You're saying it was first class mail that was sent by certified mailing, and therefore that proves delivery. But that's not what your agreement requires. That's not exactly what I'm saying. What I'm saying is their receipt is irrelevant because all that was required was the sending of it. And so... No. The difference is that first class mail is a presumption. There's no presumption for other means. So other means, the courts have said, and your agreement says it has to be actually delivered. And that's the difference is, and you know the difference, that when you get first class mail, it's in your mailbox. Right? You don't get the certified mail in your mailbox. You have to sign for it. Somebody's got to sign for it. Is that a difference? Is it or is it not? That is a difference. Right. Well, that's a big difference because it isn't just put in your mailbox. Somebody's got to sign for it. And so the presumption can't apply from first class mail because somebody has to sign for it. And that's why there's a difference. And that's, you know, you're trying to meld these into one. And they're not. There are different ways of mailing something. One requires somebody to do something affirmatively the recipient. And then you have proof, which is what your client probably wanted. While with first class mail, you don't have to have that proof because the burden goes on the recipient. Well, again, Justice, I don't believe there's any requirement of showing receipt. I appreciate it. We're kind of following in circles at this point. Yeah, but that's what the… No, I think that, you know, to some extent it almost accepts the defendant's position as true as a proposition for me to argue against that certified mail is not first class mail. They are different. They are different. If you had produced the receipt from the certified mail, I don't think anybody would argue that the mortgagee didn't receive the acceleration notice. It's a question of we have to send a notice and we can show that you received it if it's by first class mail simply by mailing. If we do it by any other means, we have to show that you got the notice. And we prove you got the notice either by bringing in the messenger, certified receipt, some proof of delivery. That's the problem here. They're saying we never got it. They may have sent it, but we never got it. Well, you know, I think that the Bukowski case is the most analogous case to this one. And in that case, it was held by a panel at this court that allegations of failure to receive a notice of acceleration aren't enough to establish an issue of material facts for some reason. It wouldn't be enough if it had been sent by first class mail if your affidavit provided for that. But your affidavit says it was sent by certified mail. And there's actually two ways to send certified mail. You can send certified mail where you don't get a receipt back. You can also send certified mail with return receipt requested. And you get the return receipt, and you could have simply filed the return receipt. It would have had their signatures on it showing that they received it. Or the other way, you would get a notice from the post office showing that they actually received it. You don't get a card back, but you can go to the post office, and they will confirm for you that this mail was, in fact, signed for. You don't have any of that, or at least none of that is in the record. No, it's not in the record. It's not. And that's where the problem lies is that it appears that the method used was the other means. And if it's sent by other means, then it's required to have proof of delivery. And that's what seems to be missing. Well, to get to that point, the court has to first reject my alternative argument about the sufficiency of the filing of record on appeal. And I think that the Portak case and the Hall case that I cited in my brief are direct arguments. The argument there is that this court can't do what it has already done. Right. Okay. Right. That's true. I mean, I know it's a tough road to home sometimes when you're arguing that a court doesn't have jurisdiction to do something. Well, jurisdiction? We have jurisdiction. Well, you have jurisdiction to authority, perhaps. The fact is that we do it all the time. You may not be aware of it, but in criminal cases, deadlines are passed all the time with records and all sorts of filing because of delays in the system. And all of a sudden, we'll get a motion to file a standard weeks, months later. And we have discretion to accept or not. I appreciate that. Were you prejudiced by this? Well, I wouldn't even be here if the court had ruled in my favor on the motion. Well, okay. But any actual prejudice other than a technical violation? Well, certainly postponing the relief to the plaintiff for at least 15 months is a significant prejudice to my client. You know, the property went to a foreclosure sale. That was confirmed. If the foreclosure sale is overturned at this point, we'll have to go back and attempt to either obtain summary judgment or go through a trial again. And there's a significant carrying cost there. You know, it's hundreds of thousands of dollars with interest on top of it and attorney's fees and costs to my client, all of those things. And I appreciate, you know, this is certainly not my first go-around, and I know I don't do criminal work, but I've probably been the benefit or had the benefit of this court's discretion in not exercising or finding that rule to be dispositive in the past. Well, there's a rule for criminal cases. There's also a separate rule for civil cases that allows this court to allow a party to file a late notice of appeal. Right. So if the party has a right to file a late notice of appeal, but even at their discretion of this court, why wouldn't this court have discretion to allow the party to do anything else? Actually, that's a great analogy. Because in Rule 303 for a late notice of appeal, it says you only get 30 days to do it. So if you go the extra 30 days, you can't do it anymore. And that's what happened in this case. They had a 63-day window, and the record didn't get filed. Then they had another 35-day window, and the motion for an extension of time didn't get filed. And then I moved to dismiss the appeal. And they said, oh, well, you know, there was an error in the clerk's office, and the record didn't get prepared. The difference is that the rule that Justice Walker is talking about has to do with, really, a jurisdiction. Well, we're just talking about we already have the case appended before us, and they missed one of the filing deadlines. This rule is not – this issue is not jurisdiction. No, it's not jurisdiction. So that's a separate – that's a separate Supreme Court rule. That's a separate – But there are limits to what the court can do, even when it has jurisdiction. It can't exercise its equitable powers to do whatever it wants. Well, that's what the rule says. I mean, that's the kind of discretion I deliver. Wait a minute. What does discretion mean? You say you don't have the power to do whatever you want. Isn't that the question of discretion? You have the discretion. It's a question of the abuse of the discretion, but you have the discretion. I don't think the court has discretion in the case. That's what Rule 326 says, is you have this 35-day safety bail. And if you don't file your motion within the safety bail time, you're stuck. That's what the rule says. That doesn't do the practice. I appreciate that it hasn't been the practice, but those cases from 40 years ago are still good law. So unless there's a good reason to overturn them, you know, that's not what the Supreme Court rule says. And frankly, I think that the defendant would not have been without remedy. You know, the Supreme Court rule – or the Supreme Court itself has supervisory authority and could have allowed it. They didn't go that route in this case. They asked the court to overlook the application of the rule or not to apply it. The bar is what it is, but the clerk made a mistake. Can you please excuse it? And frankly, the reason the clerk – provided that the clerk didn't get the record done in time is a good reason. But that doesn't excuse the 35-day failure to file a motion. That's the argument, is that even if they had good cause for not filing the record within the 63 days, they didn't have good cause for failing to file their motion within 35 days thereafter. So if you don't have any other questions, I thank you for your time and entertaining my argument. And thank you very much. Thank you. If the court has no further questions, the defendants will rest on their briefs. Just ask that the court consider the briefs and reverse the underlying judgment of foreclosure. Thank you. I want to thank both counsel for your excellent arguments. Excellent job. I figured it was going to take longer than both of you thought, but you did an excellent job and I appreciate your briefs. We'll take it under advisement and rule accordingly. Thank you very much.